IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-56-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW JOSEPH SHIELDS and THOMAS JOSEPH DURAN, | |
| Defendants. | |

Defendant Andrew Joseph Shields has filed an unopposed motion to continue all deadlines in this case and waived his speedy trial rights for 45 days, asserting the "ends of justice" are best served by a continuance and failure to grant the requested continuance will deny the defendant reasonable time necessary for effective preparation, resulting in a "miscarriage of justice." (Doc. 22.) The case is currently set for trial February 6, 2023. (Doc. 21.)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*,

1

whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Shields seeks a continuance to accommodate continued discovery, engage with experts, do further fingerprint analysis, and generally prepare for trial. (Doc. 23 at 7–8.) A continuance is therefore warranted to prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and to permit the parties a reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv).

Accordingly, IT IS ORDERED that the defendant's unopposed motion (Doc. 22) is GRANTED as follows:

(1) The deadlines set in the December 7, 2022 Scheduling Order (Doc. 21) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]: **March 20, 2023, at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

- Motions deadline (including motions in limine): February 6, 2023

- Expert disclosure deadline: February 6, 2023

- Plea agreement deadline: March 9, 2023

- JERS deadline: March 13, 2023

- Jury instructions and trial briefs deadline: March 15, 2023

This schedule must be strictly adhered to by the parties. The December 7, 2022 Scheduling Order (Doc. 21) shall remain in full force and effect in all other respects.

IT IS FURTHER ORDERED that the time between February 6, 2023, and March 20, 2023 is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

DATED this 19th day of December, 2022.

Donald W. Molloy, District Judge
United States District Court

---

[1] Counsel shall appear in chambers a half hour before the scheduled trial.