IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-56-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW JOSEPH SHIELDS and THOMAS JOSEPH DURAN, | |
| Defendants. | |

Defendant Andrew Joseph Shields moves unopposed to continue all deadlines in this case and waived his speedy trial rights for an additional 21 days, asserting the "ends of justice" are best served by a continuance and failure to grant the requested continuance will deny the defendant reasonable time necessary for effective preparation, resulting in a "miscarriage of justice." (Doc. 25.) A 45-day continuance has previously been granted. (Doc. 24.) The case is currently set for trial March 20, 2023. (*Id.*)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of

1

justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Shields' counsel is currently involved in another matter in this district, *United States v. Howald*, CR 21-04-H-BMM, which has limited his ability to meet with Shields to discuss potential legal options in light of new evidence that has recently been discovered, including the results of fingerprint testing. Accordingly, Shields seeks a second continuance to allow time for counsel's analysis of this new evidence, consider possible motions in light of *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and generally prepare for trial. (Doc. 26 at 7–8.) A continuance is therefore warranted to prevent a miscarriage of justice, 18 U.S.C.

§ 3161(h)(7)(B)(i), and to permit the parties a reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv).

Accordingly, IT IS ORDERED that the defendant's unopposed motion (Doc. 25) is GRANTED on the condition that the co-defendant in this matter, Thomas Joseph Duran, has no objection. Duran has until February 10, 2023 to object. The updated trial will proceed as follows:

(1) The deadlines set in the December 19, 2022 Order (Doc. 24) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]: **April 10, 2023, at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

- Motions deadline (including motions in limine): February 27, 2023

- Plea agreement deadline: March 30, 2023

- JERS deadline: April 3, 2023

- Jury instructions and trial briefs deadline: April 5, 2023

This schedule must be strictly adhered to by the parties. The original Scheduling Order, filed December 7, 2022, (Doc. 21), continues to remain in full force and effect in all other respects.

---

[1] Counsel shall appear in chambers a half hour before the scheduled trial.

3

IT IS FURTHER ORDERED that the time between March 20, 2023, and April 10, 2023 is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

IT IS FURTHER ORDERED that if Thomas Joseph Duran objects to this schedule change, a trial will proceed according to the schedule set in December 19, 2022 Order. (*See* Doc. 24.) **No further continuances will be granted.**

DATED this 6th day of February, 2023.

_____
Donald W. Molloy, District Judge
United States District Court